IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY WRIGHT                                                                                         PLAINTIFF

v.                                              Civil No.  1:06-cv-1089

AARON MORRIS, Officer;
SCOTT HARWELL, Reserve Officer; and
CARL NICHOLS, Sargent;                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Johnny Wright (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on October 4, 2006 against Defendant Morris.  (Doc. 1).  Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on November 1, 2006.  Plaintiff amended his Complaint, and Defendants Harwell and Nichols were added to the case on January 12, 2007.  Defendant Morris filed a Motion for Summary Judgment on February 5, 2007.  (Doc.  14).  On May 14, 2007, all Defendants filed a Joint Amended Motion for Summary Judgment, and the Plaintiff filed a response to the Motion for Summary Judgment on August 16, 2007.  (Doc.  32).  The Amended Motion for Summary Judgment was referred to the undersigned for a report and recommendation.

**I. Background**

Plaintiff's claims center around his arrest on August 26, 2006, at his home.  Plaintiff claims Defendants Morris, Harwell, Nichols arrived at his home on that date and asked Plaintiff for identification.  Plaintiff informed the officers his identification was in his house, but confirmed that his name was Johnny Wright.  The officers asked Plaintiff if he would have his drivers license when they returned, and the officers did return in approximately ten (10) minutes.

When Defendants returned, Plaintiff's son informed him the officers had returned.  Plaintiff states that when the officers returned, they did not ask him for identification.  Plaintiff also alleges

that when he looked out his front door, still inside his home, he was "rushed and taken down" without being told the nature of the arrest. According to Plaintiff, he was never outside his home at the time of his arrest. Instead, he claims he was standing with his hands on the door frame to his front door when the Defendants "rushed" him. Plaintiff alleges he was never resisting arrest, was never told he was under arrest or read his rights. Defendant Morris grabbed Plaintiff by the writs and Defendant Nichols attempted to remove Plaintiff's arms from the doorframe. Plaintiff contends he was attempting to get the Defendants to explain to him what was happening, but the Defendants refused to speak with him, including giving him any commands.

Plaintiff further contends he was "taken down" and cuffed when Officer Nichols released K9 Officer Nero. Plaintiff states he was on his knees, squatting, when the dog attached him and that he was handcuffed during the duration of the K9 officer attack.

Once Plaintiff was put in the patrol car, he yelled for the Defendants to loosen the cuffs because they were cutting his wrist and reducing his circulation. Plaintiff contends Officer Morris pulled him out of the patrol car and sprayed him with mace and "threw him" to the ground. At that time, Plaintiff alleges Officer Harwell held Plaintiff's ankles, sat on his chest, and placed a flashlight on his throat. Plaintiff states there were no commands given to him before he was sprayed with mace.

Finally, Plaintiff claims he was not decontaminated at the Emergency Room from the mace and was only there to be photographed for the injuries he suffered from the bites administered by K9 Officer Nero.

Defendants' version of the facts is quite distinct from those given by Plaintiff. Defendants contend they received a call that Plaintiff had threatened two men, David Livingston and Jefferson

Preston, on August 26, 2006. This threat included brandishing a weapon at David Livingston and firing a shot toward his home. According to Defendants, Livingston and Plaintiff had an ongoing feud.

Defendants state they arrived at Plaintiff's residence and asked him for identification, which he stated was in his home. Defendants state they informed Plaintiff they would return in about ten minutes and Plaintiff should have his identification at that time. When Defendants returned, Officer Morris told Plaintiff to put his hands behind his back as he was under arrest. Defendants contend Plaintiff attempted to reenter his home when he was told he was under arrest, and grabbed the doorframe in an attempt to resist arrest. Defendants state Plaintiff would not put his hands behind his back and submit to handcuffing and that Plaintiff was swinging his arms aggressively, resisting, and calling for help from people inside his home. Defendants contend they continuously told Plaintiff to put his hands behind his back and this command was continuously refused. Defendants then warned Plaintiff if he continued to struggle and resists then K9 Officer Nero would be released. Plaintiff continued to resist arrest and Officer Nero was released. However, once Plaintiff put his hands behind his back the K9 Officer was called off.

Defendants further contend that once Plaintiff was in the patrol car, he aggressively kicked the cage and window of the car. Officer Morris opened the door of the unit to calm Plaintiff, but Plaintiff then began to kick at Officer Morris and the other officers. At this point, Officer Morris delivered a one second burst of Fox O.C. spray (described by the Plaintiff as mace) at Plaintiff's chin. Plaintiff was then allegedly taken to the emergency room for treatment for injuries and to be decontaminated from the spray. Plaintiff was later seen again at the emergency room due to an injury to his hand sustained during the struggle.

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**A. Official Capacity Claims**

Plaintiff has sued Defendants in their individual and official capacities. Plaintiff's official capacity claims are tantamount to suing the city of El Dorado. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.

Plaintiff clearly states he is alleging official capacity claims. (Doc. 32, ¶ 2). However, in support of these claims, Plaintiff offers no evidence his allegations, even if true, reflect a custom or policy of the El Dorado Police Department. Plaintiff offers no more than his allegations Defendants used excessive force on August 26, 2006. Even assuming the officers used excessive force, because Plaintiff does not attempt to separately prove an unconstitutional municipal policy, Plaintiff's claims cannot survive summary judgment. As the Supreme Court has stated, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability ... unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985). Such proof is not produced or even alleged here; therefore this Court should grant Defendant's Motion for Summary Judgment as to Plaintiff's official capacity claims against the Defendants.

### B. Individual Capacity Claims

Plaintiff did not "expressly and unambiguously state" in his pleadings that he was suing Defendants in their individual as well as official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that unless expressly stated, it will be assumed a defendant is sued in his or her official capacity only). However, Plaintiff does make plain in his response to the Motion for Summary Judgment that he is suing Defendants in both their individual and official capacities. Defendants have reserved their right to amend their answer to include a response to any individual capacity claims and have requested the opportunity to submit another responsive pleading if it is determined that Defendants have been sued in their individual capacities. (*See* Doc. 29, pg. 10, n.1.)

Accordingly, it is recommended that Plaintiff's Amended Complaint be construed to state claims against Defendants in their individual capacities, as well as in their official capacities. It is further recommended Defendants be given twenty (20) days from the date this Report and Recommendation is adopted to Amend their Answer to the Amended Complaint.

### III.  Conclusion

For the reasons stated, I recommend that the Defendants' Amended Motion for Summary Judgment (Doc. 27) be GRANTED in its entirety. I further recommend that Plaintiff's Complaint be construed to include claims against Defendants in their individual capacities and Defendants be given twenty (20) days from the date this order is adopted to amend their answer to the complaint. Additionally, it is recommended that Defendants' Original Motion for Summary Judgment (Doc. 14) be DENIED as moot.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **6th day of September, 2007.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE