IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY WRIGHT                                                                                           PLAINTIFF

VS.                                                           CASE NO. 06-CV-1089

AARON MORRIS, Officer;
SCOTT HARWELL, Reserve Officer;
and CARL NICHOLS, Sargent                                                                     DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on September 6, 2007, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 33). On September 20, 2007, the Plaintiff filed Partial Objections to the Report and Recommendation. (Doc. No. 34).

This is a pro se civil rights action filed pursuant to 42 U.S.C. §1983. In it, Plaintiff alleges that his constitutional rights were violated when the Defendants, all members of the El Dorado Police Department, used excessive force during the course of his arrest on August 26, 2006. The Defendants have been sued in both their individual and official capacities.[1]

In his Report and Recommendation, Judge Bryant recommends that: 1) the original Motion for Summary Judgment (Doc. No. 14) be denied as moot; 2) the Amended Motion for Summary Judgment (Doc. No. 27) be granted in its entirety; and 3) the Plaintiff's Complaint be

---

[1] There was some question as to whether the Defendants were being sued in their individual capacities because the Plaintiff did not expressly state in his pleadings that he was suing the Defendants in their individual as well as their official capacities. However, Plaintiff made it clear in his response to the Defendants' summary judgment motion that he is suing them in both capacities.

construed to include claims against the Defendants in their individual capacities and that the Defendants be given twenty (20) days from the date the Report and Recommendation is adopted to amend their answer to the Complaint. Plaintiff has filed partial objections to the Magistrate's recommendations. He does not object to either the first or the third recommendation. He does, however, object to Judge Bryant's second recommendation concerning Plaintiff's official capacity claims against the Defendants

When a plaintiff sues a government official in his official capacity, the suit is tantamount to suing the governmental entity itself. *Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). If the action is against the governmental entity, the plaintiff must prove that the government entity has an official policy or custom that caused the constitutional violation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, official-capacity liability under 42 U.S.C. § 1983 occurs only when the execution of a government's policy or custom results in a constitutional violation. *Id.*

In his report, Judge Bryant recommends that Defendants' summary judgment motion be granted because the Plaintiff neither alleged nor offered any proof that his constitutional rights were violated as a result of an unconstitutional municipal policy. However, Plaintiff claims that in his summary judgment response he alleged that the city's canine (K-9) policy permits a K-9 police officer to allow his K-9 dog to attack a handcuffed individual who is already subdued and under control. He contends that this policy was responsible for his alleged constitutional violations.

Although Plaintiff may have alleged that the city's K-9 policy caused the alleged constitutional violations in this case, he has offered no proof to support this allegation. In fact, in reviewing the city's Use of Force Policy and its Canine (K-9) Policy, the Court finds nothing that

would permit a K-9 officer to allow his K-9 dog to attack an individual who is already handcuffed and under control.  These policies only allow an officer to use such force that is reasonably necessary to subdue a resistant individual or affect an arrest.  The proper adherence to these policies by the police would not result in a violation of the Plaintiff's constitutional rights.  There is no proof that the alleged constitutional violations in this case were caused by an existing unconstitutional municipal policy.  Therefore, the Defendants' Motion for Summary Judgment should be granted.

      Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation *in toto.*  The original Motion for Summary Judgment filed in this case (Doc. No. 14) is hereby **denied** as moot.  The Amended Motion for Summary Judgment (Doc. No. 27) is hereby **granted**.  Plaintiff's claims against the Defendants in their official capacity are hereby dismissed.  The Plaintiff's Complaint is hereby construed to include claims against the Defendants in their individual capacities.  Therefore, Defendants are given twenty (20) days from the date of this Order to amend their answer to the Complaint.

      IT IS SO ORDERED, this 24th day of September, 2007.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge