IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JOHNNY WRIGHT                                                        PLAINTIFF


VS.                              CASE NO. 06-CV-1089


AARON MORRIS, Officer;
SCOTT HARWELL, Reserve Officer;
and CARL NICHOLS, Sergent                                           DEFENDANTS


## <u>ORDER</u>

Before the Court is the Report and Recommendation filed on April 10, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 61). On April 25, 2008 and April 28, 2008, the Plaintiff filed objections to the Magistrate's Report and Recommendation. (Doc. Nos. 62 and 63).

This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983. In it, Plaintiff Johnny Wright alleges that his constitutional rights were violated when the Defendants denied him adequate medical care and used excessive force in effectuating his arrest on August 26, 2006.

On February 19, 2008, Judge Bryant conducted an evidentiary hearing regarding Wright's claims. At the hearing, Judge Bryant heard testimony from Johnny Wright, the Plaintiff, Javon Wright, Vera Frazier, Lilly Mae Brown, Keisha Brown, Officer Aaron Moris, Sgt. Carl Nichols, and Reserve Officer Scott Harwell. On March 13, 2008, Wright submitted a legal brief in response to the Defendants' pre-hearing Evidentiary Hearing Brief. (Doc. No. 59). Defendants responded to Wright's brief via letter. Thereafter, Wright responded to the Defendants' letter.

(Doc. No. 60).  Based upon the testimony heard at the evidentiary hearing and the parties' briefs, Judge Bryant found that Wright's arrest on August 26, 2006 was legal.  He also found no evidence that the Defendants were deliberately indifferent to Wright's medical care and that Wright failed to prove by a preponderance of the evidence that the Defendants used excessive force against him.  Judge Bryant recommended that Wright's Complaint be dismissed with prejudice and that judgment be entered in the Defendants' favor.

Wright filed objections to Judge Bryant's findings.  In his objections, Wright again claims that his arrest on August 26, 2006 was illegal.  He also claims that the testimony set forth in the Magistrate's Report is not what was testified to at the evidentiary hearing.

Pursuant to 28 U.S.C. §636(b)(1), the judge of the court shall conduct a *de novo* review of the findings of the magistrate which are objected to, and shall accept, reject, or modify the magistrate's findings and recommendations.  Accordingly, the Court has reviewed the entire record in this case, including the testimony from the evidentiary hearing before Judge Bryant. After review, the Court finds that the testimony evidence set forth in Judge Bryant's Record and Recommendation is consistent with the testimony given by the witnesses during the hearing. Thus, Wright's request for a rehearing is denied.

Wright objects to Judge Bryant's finding that his arrest on August 15, 2006 was legal. Wright claims that his arrest was illegal because it was made without a warrant and was based solely on the complaint of two witnesses.  He argues that his illegal arrest was in violation of the Fourth Amendment to the Constitution.  The Fourth Amendment does provide, as Wright argues, that searches and seizures must be made pursuant to a warrant.  However, there are exceptions to this general rule.  One such exception arises when there is probable cause for an arrest.

2

Probable cause for a warrantless arrest exists if "the facts and circumstances within the law enforcement's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspected has committed, is committing, or is about to commit an offense." *United States v. Morales,* 923 F.2d 621, 623 (8th Cir. 1991). In Arkansas, this exception is codified in Rule 4.1 of the Arkansas Rules of Criminal Procedure. Rule 4.1 states that a police officer may make an arrest without a warrant if the officer has reasonable cause to believe that such person has committed a felony. Probable or reasonable cause to make such an arrest exists when police officers have trustworthy information that would lead a prudent person to believe that the suspect has committed a crime. *See United States v. Horne,* 4 F.3d 579, 589 (8th Cir. 1993), *cert. denied,* 510 U.S. 1138 (1994).

Here, Officer Morris and Reserve Officer Harwell received a report from two witnesses, David Levingston and Jefferson Preston, regarding an alleged aggravated assault by Wright. In Arkansas, an aggravated assault is a Class D Felony. Based upon this report, the officers arrested Wright without a warrant. Wright claims that the credibility of these witnesses was in question, therefore, they did not have probable cause to arrest him.

There is no evidence before the Court to support Wright's claim that these two witnesses were untrustworthy. The report by Levingston and Preston contained sufficient detail to suggest to the officers that they spoke truthfully regarding the assault by Wright. Officers are entitled to rely on the veracity of information supplied by the victim of a crime. *Kiser v. City of Huron,* 219 F.3d 814 816 (8th Cir. 2000); *Anderson v. Cass County,* 367 F.3d 741, 746 (8th Cir. 2004). The facts known to the officers at the time of Wright's arrest were sufficient to make a reasonably prudent officer believe that Wright had committed a serious criminal offense. No more is

required to establish probable cause. *See Brodnicki v. City of Omaha,* 75 F.3d 1261, 1264-65 (8th Cir. 1996). Thus, the officers had probable cause to arrest Wright without a warrant.

After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own. Wright has failed to prove by a preponderance of the evidence that the Defendants used excessive force against him. There is also no evidence that the Defendants were deliberately indifferent to Wright's medical care. Accordingly, the Court finds that Plaintiff Johnny Wright's Complaint should be and hereby is **dismissed with prejudice**.

IT IS SO ORDERED, this 24th of November, 2008.


   /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge